UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON CHE LEE, | ) NO. CV 19-5260-DMG (KS) |
|     Plaintiff, | ) |
| v. | ) |
| | ) ORDER AND JUDGMENT OF DISMISSAL |
| PRISON WARDEN, et al, | ) |
|     Defendants. | ) |

On June 17, 2019, Plaintiff, a federal prisoner proceeding *pro se*, filed a "criminal complaint." (Dkt. No. 1.) The complaint states that Plaintiff is suing the Warden at the Federal Correctional Institute – Terminal Island ("FCI-TI") and various prison staff members "involved in this complaint." The complaint consists of allegations that he is being held illegally because his criminal conviction was fraudulent, that inmates made loud noises that kept him awake, that staff poisoned Plaintiff's food which caused him to flatulate, that staff and inmates turned a fan towards his cell because of his flatulence, that the fan made him cold and sick and caused him to cough up "dirty pus," that his knee hurts so he wants to be moved to a lower bunk in a different unit but staff will not accommodate him, and that inmates "fumbled [their] penis[es]" in front of him, all of which he calls torture. (*See generally id.*) Plaintiff does not identify, however, the relief he seeks from the Court or the laws or

constitutional provisions he believes have been violated.  As such, the complaint violates Rule 8 of the Federal Rules of Civil Procedure and is subject to dismissal for failure to state a claim upon which relief can be granted.  *See* FED. R. CIV. P. 8; *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (complaint violates Rules 8 if a defendant would have difficulty understanding and responding to it); *see also* 28 U.S.C. § 1915A(b) (Congress requires district courts to dismiss civil rights complaints brought by prisoners if the court determines that the complaint, or any portion thereof, fails to state a claim upon which relief can be granted).

In addition, on June 17, 2019, the Court notified Plaintiff that he had failed to pay the filing fee and had not filed a request to proceed *in forma pauperis*.  (Dkt. No. 2.)  On July 5, 2019, after more than two weeks had passed and Plaintiff had not responded to the Court's notification, the Court ordered Plaintiff to show cause, no later than July 26, 2019, why the action should not be dismissed for failure to pay the filing fee or obtain authorization to proceed without prepayment of the fee.  (Dkt. No. 4.)

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

|   |   |
|---|---|
| 1 | More than 30 days have now passed since the Court issued its June 17, 2019 notification, and more than two weeks have passed since Plaintiff's July 26, 2019 deadline for paying the filing fee or filing a request to proceed without prepayment of the fee. To date, Plaintiff has neither paid the filing fee nor requested to proceed *in forma pauperis*.[1] In light of the foregoing, IT IS HEREBY ORDERED AND ADJUDGED that this action is DISMISSED. |

DATED: September 9, 2019

*/s/ Dolly M. Gee*
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

Presented by:

*/s/ Karen L. Stevenson*
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE

---

[1] This is Plaintiff's fourth lawsuit in the past year involving a "criminal complaint" presenting the same general set of allegations. *See Brandon Che Lee v. Unknown*, No. 2:18-cv-09828-DMG-KS (Mar. 5, 2019); *Brandon Che Lee v. Warden et al*, No. 2:19-cv-02811-DMG-KS (Jun. 17, 2019); *Brandon Che Lee v. Warden*, No. 2:19-cv-04865-DMG-KS. Plaintiff has several additional cases pending. *See, e.g., Brandon Lee v. Unknown*, CV 19-5503-DMG (KS); *Brandon Che Lee v. FCI TI Warden*, CV 19-6117-DMG (KS). In all of these cases, Plaintiff did not pay the filing fee or request to proceed *in forma pauperis*.